DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant, Benjamin T. Clark, has appealed from the denial of his petition for postconviction relief by the Lorain County Court of Common Pleas. We affirm.
On March 11, 1998, Defendant was indicted on one count of aggravated burglary, in violation of R.C. 2911.11(A)(1) and one count of rape, in violation of R.C. 2907.02(A)(2). On January 25, 1999, Defendant pled guilty to both counts. Defendant subsequently moved for termination of counsel. Said motion was granted. Following the trial court's order permitting the termination of counsel, Defendant moved to withdraw his guilty plea arguing that his plea was not knowingly and voluntarily given. Defendant's motion was denied. The trial court sentenced Defendant on April 19, 1999, on both counts. After holding a sexual predator hearing on May 4, 1999, the court classified Defendant as a sexual predator.
On July 27, 1999, Defendant moved to reduce his sentence. On July 28, 1999, the trial court denied his motion. On October 29, 1999, Defendant sought leave to file a delayed appeal. This Court denied that motion on December 27, 1999. On February 25, 2000, Defendant filed a motion to withdraw his guilty plea and vacate his sentence. On July 6, 2000, the trial court denied Defendant's motion. Defendant timely appealed and raised five assignments of error for review. This Court shall not address the assignments of error as the trial court was barred from entertaining Defendant's motion because it was an untimely, successive petition for postconviction relief.
This Court has previously held that a motion to withdraw a guilty plea due to a claimed violation of a defendant's constitutional rights must be construed as a petition for postconviction relief. State v. Shie (July 23, 1997), Wayne App. No. 96CA0073, unreported. Defendant's claims include alleged violations of his constitutional rights. Additionally, in the instant case, Defendant previously filed a petition for postconviction relief, styled as a motion to reduce his sentence. Such a second petition for postconviction relief is governed by R.C. 2953.23(A), which provides:
 A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless both of the following apply:
(1) Either of the following applies:
 (a) The petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief.
 (b) Subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 (2) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted * * *.
R.C. 2953.21(A)(2) provides that when no direct appeal is taken from the judgment of conviction, "the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal."
Defendant argues that his petition for postconviction relief was timely because it was filed within 180 days of his motion for leave to file a delayed appeal. Defendant misunderstands the rule. In order to be timely, Defendant's petition needed to be filed within 180 days of the day his time for filing a timely appeal expired, which in this case was May 19, 1999. Defendant filed the petition in question on February 25, 2000, which is 282 days after the time for filing the appeal expired.
Therefore, Defendant's petition for postconviction relief is untimely, and he has not demonstrated that he meets any of the criteria set forth above. Consequently, the trial court was precluded from considering his petition. Defendant's assignments of error must be overruled.
Defendant's five assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ___________________________ LYNN C. SLABY
BATCHELDER, P. J. WHITMORE, J., CONCUR